**FILED**
**Mar 28, 2018**
**03:10 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| **CHARLOTTE JENNINGS,** | ) | **Docket No.  2017-07-0696** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Q-MART DYERSBURG, INC.,** | ) | **State File No. 59502-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACADIA INS. CO.,** | ) | **Judge Allen Phillips** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

---

Ms. Jennings requested a panel of physicians to evaluate an alleged cardiac injury at Q-Mart. Q-Mart refused to provide a panel, contending that Ms. Jennings' injury did not arise out of her employment. The Court heard the dispute at an expedited hearing on March 26, 2018, and holds Ms. Jennings is entitled to a panel of physicians.

### History of Claim

Ms. Jennings presented her testimony by affidavit. On June 16, 2017, she was working at Q-Mart when an armed assailant placed a gun to her head during a robbery. She claims this incident caused her to suffer an acute myocardial infarction. Ms. Jennings said Q-Mart refused to provide her with treatment "even though [she had] released her medical records to them."

Ms. Jennings sought treatment at Dyersburg Regional Hospital for chest pain after being robbed at gunpoint. The discharge summary included a diagnosis of myocardial infarction and instructions to follow-up with a cardiologist.

Q-Mart did not introduce evidence apart from medical records, from which it contended that Ms. Jennings suffered cardiac issues prior to June 16. Specifically, it pointed to medical records that indicated frequent episodes of chest pain due to anxiety, shortness of breath, and hypertension. It also noted that the June 17 record from

1

Dyersburg Regional recorded a history that Ms. Jennings complained of chest pains two to three days prior to the incident. Q-Mart also argued her past medical history included diagnoses of diabetes, chronic lung disease and the previously noted chest pains and hypertension. It argued a cardiologist said one month later that her coronary artery disease was chronic in nature.

Based on the medical records, Q-Mart argued that the incident of June 16 did not cause Ms. Jennings' heart issues but rather they were pre-existing. Further, no physician related her heart disease to her work or said that her condition arose primarily out of it. Thus, Q-Mart maintained its denial because the evidence did not show to a reasonable degree of medical certainty that her work contributed more than fifty percent in causing her need for medical treatment.

## Findings of Fact and Conclusions of Law

At this expedited hearing, Ms. Jennings must present sufficient evidence to establish she would likely prevail at a hearing on the merits regarding her request for a panel. Tenn. Code Ann. § 50-6-239(d)(1) (2017). In *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6 (Mar. 27, 2015), the Appeals Board explained part of the reasoning for this relaxed burden is to prevent an employee from having to "seek out, obtain, and pay for a medical evaluation or treatment before . . . her employer would have any obligation to provide medical benefits." Such a requirement would be "inconsistent with a fair, expeditious, and efficient workers' compensation system." *Id.* at *9-10.

The Court agrees with Q-Mart that Ms. Jennings does not have medical evidence establishing that she suffered an injury arising primarily out of her employment. However, the Appeals Board rejected this argument in *McCord* under the same circumstances. In *McCord*, the uncontroverted evidence established the employee reported a specific incident and requested medical evaluation. *Id.* at *17. Ms. Jennings' uncontroverted testimony is that she suffered a myocardial infarction after being robbed at gunpoint and the hospital records confirm that incident, diagnosis, and referral to a cardiologist. Under *McCord*, this Court holds Ms. Jennings has satisfied her burden at this interlocutory stage to support an order compelling Q-Mart to provide a panel of physicians for evaluation and possible treatment of her cardiac condition.

**IT IS, THEREFORE, ORDERED** as follows:

1. Q-mart shall provide reasonable and necessary medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A) by providing Ms. Jennings a panel of cardiologists, or other physicians competent to evaluate and treat cardiac injuries. Ms. Jennings or the chosen physician shall provide the bills to Q-Mart.

2. **This matter is set for a telephonic Status Hearing on Tuesday, June 26, 2018, at 10:30 a.m. Central Time. The parties must call toll-free at 855-543-5038 to participate in the hearing.** Failure to call in may result in a determination of any issues without a parties' further participation.

**ENTERED this the 28th day of March, 2018.**

**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

### APPENDIX

Exhibits:
1. Affidavit of Charlotte Jennings
2. Collective Medical Records of Dyer Co. Health Department, Tennova Healthcare-Dyersburg and Dr. Norman Weinstein
3. First Report of Work Injury
4. Panel of psychiatric/psychological physicians

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employer's Response to Request for Expedited Hearing
5. Order on Medical Records

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 28th day of March, 2018.

| Name | Via Email | Service sent to: |
|---|---|---|
| Charles L. Holliday, Esq., Attorney for Employee | X<br>X | chuckh@garretylaw.com<br>masher@garretylaw.com |
| Steve Snyder, Esq., Attorney for Employer | X | steve.snyder@mgclaw.com |

*Penny Shrum*

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**

4